IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACK E. FEINBERG, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 11-5434 |
| | : | |
| AMERICAN EXPRESS COMPANY, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**DuBOIS, J.**                                                                        **October 7, 2011**

**M E M O R A N D U M**

**I.      INTRODUCTION**

Plaintiff commenced this action on August 3, 2011, in the Court of Common Pleas of

Philadelphia County, alleging negligence on the part of defendant American Express Company.

Defendant removed the case to this Court on August 29, 2011. In his Complaint, plaintiff claims

that defendant "unlawfully and without proper or any authorization from plaintiff electronically

transferred funds from plaintiff's bank account to satisfy the debt of someone other than

[p]laintiff." (Compl. ¶ 6.)

Presently before the Court is defendant's Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6). For the reasons that follow, the Court denies defendant's Motion to

Dismiss without prejudice to defendant's right to raise the issues presented after completion of

discovery by motion for summary judgment and/or at trial.

## II.    BACKGROUND

Plaintiff had a bank account titled "Feinberg & Silva, Attorney Account" at Republic

Bank in Philadelphia, Pennsylvania. (Id. ¶¶ 3, 5.) From March 2008 to August 2010, defendant

withdrew funds from plaintiff's account through a series of electronic funds transfers totaling

$174,261.85. (Id. ¶¶ 6, 11, ex. A.) Defendant did this to satisfy a debt owed to it by plaintiff's

bookkeeper, who is not a party to this litigation. (Id. ¶¶ 6, 8.) Plaintiff did not authorize or know

about these transfers until after the bookkeeper stopped working for plaintiff. (Id. ¶ 8.) It is

unclear from the face of the complaint whether anyone authorized the transfers, and if so, who

authorized them. (Id. ¶ 9(i).) Plaintiff is not a customer of defendant and had no prior relationship

with defendant. (Def.'s Mot. Dismiss 4.)

In Count One of the Complaint, plaintiff alleges negligence on the part of defendant for

withdrawing funds from plaintiff's account to satisfy the debt of someone not named on the

account, (Compl. ¶ 9(b)), for failing to get plaintiff's permission before withdrawing the funds,

(id. ¶ 9(c)), and for failing to notify plaintiff when it withdrew the funds, (id. ¶ 9(e)). Plaintiff

seeks punitive damages in Count Two, alleging that "[d]efendant's conduct exhibits reckless

indifference to plaintiff's rights."[1] (Id. ¶ 15.)

Defendant now moves this Court to dismiss plaintiff's Complaint. Defendant argues that

---

[1] The Complaint asserts a claim for punitive damages under a separate count, Count Two. Defendant, in its Motion to Dismiss, seeks dismissal of this "count" because "a claim for punitive damages is not a separate cause of action" in Pennsylvania. Jeffries v. Ameriquest Mortg. Co., 543 F. Supp. 2d 368, 390 (E.D. Pa. 2008). In his response, plaintiff clarifies that he is seeking "punitive damages as an element of damages based upon the conduct set forth in his Complaint." (Pl.'s Mem. Law Opp'n Def.'s Rule 12(b)(6) Mot. Dismiss Pl.'s Compl. 2 n.1.) Accordingly, the Court grants defendant's motion with respect to Count Two, the claim for punitive damages, and amends Count One so as to include a claim for punitive damages.

plaintiff was not a customer and had no relationship with defendant during the time in question, and thus defendant did not owe a duty to plaintiff.

### III.    LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that, in response to a pleading, a defense of "failure to state a claim upon which relief can be granted" may be raised by motion. In analyzing a motion to dismiss pursuant to Rule 12(b)(6), the Court "accept[s] all factual allegations as true, [and] construe[s] the complaint in the light most favorable to the plaintiff." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted).

"To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level . . . .'" Victaulic Co. v. Tieman, 499 F.3d 227, 234 (3d Cir. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570). To satisfy the plausibility standard, a plaintiff's allegations must show that defendant's liability is more than "a sheer possibility." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

In Twombly, the Supreme Court utilized a "two-pronged approach," which it later formalized in Iqbal. Iqbal, 129 S. Ct. at 1950; Fowler v. UPMC Shadyside, 578 F.3d 203, 210–11 (3d Cir. 2009). Under this approach, a district court first identifies those factual allegations that constitute nothing more than "legal conclusions" or "naked assertions." Twombly, 550 U.S. at

3

555, 557. Such allegations are "not entitled to the assumption of truth" and must be disregarded.

Iqbal, 129 S. Ct. at 1950. The court then assesses "the 'nub' of the plaintiff['s] complaint – the

well-pleaded, nonconclusory factual allegation[s] . . . to determine" whether it states a plausible

claim for relief. Id.

## IV.    ANALYSIS

"'The primary element in any negligence cause of action is that the defendant owes a duty

of care to the plaintiff.'" Bilt-Rite Contractors, Inc. v. Architectural Studio, 866 A.2d 270, 280

(Pa. 2005) (quoting Althaus ex rel. Althaus v. Cohen, 756 A.2d 1166, 1168 (Pa. 2000)). "Duty,

in any given situation, is predicated upon the relationship existing between the parties at a

particular time; if the parties are strangers, the scope of the duty not to place others at risk is

limited to those risks which are reasonably foreseeable." Burman v. Golay & Co., Inc., 616 A.2d

657, 659 (Pa. Super. Ct. 1992) (citing Alumni Ass'n, Delta Zeta Zeta of Lambda Chi Alpha

Fraternity v. Sullivan, 535 A.2d 1095 (Pa. Super. Ct. 1987)).

Plaintiff alleges in the Complaint that defendant withdrew funds from plaintiff's account

without plaintiff's authorization and without notifying him. The Complaint does not explain how

defendant withdrew the funds from plaintiff's account; plaintiff was not a customer of defendant,

nor did plaintiff owe defendant any money. Withdrawing money from someone's account clearly

creates a foreseeable risk of loss to that person. Cf. Burman, 616 A.2d at 659 (finding that injury

was not foreseeable). Thus, under the facts pled in the Complaint, the Court could find that

defendant owed a duty to plaintiff.

In the Motion to Dismiss, defendant argues that it was plaintiff's bookkeeper who

misappropriated the funds from plaintiff's account to pay the balance on the bookkeeper's

personal American Express credit card. Under these facts, defendant argues, it does not owe a

duty to plaintiff. In Pennsylvania, banks do not have a duty to protect noncustomers from third-

party fraud. See Hospicomm, Inc. v. Fleet Bank, N.A., 338 F. Supp. 2d 578, 581 (E.D. Pa. 2004)

(stating rule but denying motion for summary judgment because genuine issue of material fact

existed as to whether plaintiff was a customer of defendant). Other jurisdictions have expanded

that rationale to credit card companies. See, e.g., Huggins v. Citibank, N.A., 585 S.E. 2d 275,

277 (S.C. 2003) (finding that credit card companies do not owe a duty protect noncustomers from

harm committed by third parties). Under facts strikingly similar to the facts argued by defendant

in the Motion to Dismiss, the California Court of Appeal held that a retail credit card company

did not owe a duty to protect a noncustomer plaintiff when that plaintiff's employee

misappropriated the plaintiff's funds to pay the balance on the employee's retail credit card.

Burns v. Neiman Marcus Grp., Inc., 93 Cal. Rptr. 3d 130, 139 (Ct. App. 2009).

          If defendant is correct that plaintiff's bookkeeper wrongly authorized defendant to

withdraw funds from plaintiff's bank account, defendant might not owe a duty to plaintiff under

the persuasive reasoning of cases such as Hospicomm, Huggins, and Burns. However, the Court

may not consider defendant's version of the facts at the motion-to-dismiss stage. Jordan v. Fox,

Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994) ("In determining whether a

claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the

complaint and its attachments without reference to other parts of the record."). Accepting "all

factual allegations as true, [and] constru[ing] the complaint in the light most favorable to the

plaintiff," Phillips, 515 F.3d at 233, the Court must deny defendant's Motion to Dismiss because

plaintiff pleads facts sufficient to state a plausible claim of negligence. The denial is without

prejudice to defendant's right to renew at the summary judgment stage and/or at trial its

argument that it did not owe plaintiff a duty.

**V.      CONCLUSION**

For the foregoing reasons, defendants' Motion to Dismiss is denied without prejudice to

defendants' right to raise the issue presented in that motion after the completion of discovery by

motion for summary judgment and/or at trial.

An appropriate order follows.